UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RODRICUS D. SCOTT,           )
                             )
        Plaintiff,           )
                             )
v.                           )    CV622-006
                             )
SUPERIOR COURT OF            )
BULLOCH COUNTY, *et al.*,    )
                             )
        Defendants.          )

## ORDER

Plaintiff Rodricus D. Scott, a prisoner at Bulloch County Jail, has submitted a 42 U.S.C. § 1983 Complaint alleging various constitutional violations. Doc. 1. He seeks to proceed *in forma pauperis* ("IFP"). Doc. 2. As the IFP application is incomplete, Plaintiff is **DIRECTED** to supplement his IFP request by February 24, 2022.

Plaintiff has provided no relevant information in his application to proceed IFP. *See generally* doc. 2. In fact, the form is blank except for the case caption, Plaintiff's signature, the prison where Plaintiff is being held, and a note that the prison "refuses to give [Plaintiff] a copy of [his] account . . . ." *Id.* The Court cannot assume that the lack of information reflects a lack of resources and plaintiff's inability to pay the filing fee.

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).[2]

To that end, the Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, inter alia, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at *1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3] Plaintiff's application for IFP status omits all material details. He, therefore, must properly fill out his application to proceed IFP, answering all presented questions.[4]

---

[3] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012) (collecting sanction cases).

[4] A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct.

Providing this information will better illuminate plaintiff's true financial condition. In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration—under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience. Failure to comply with this directive will result in a recommendation of dismissal on IFP-deficiency

---

1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

grounds alone. *Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED**, this 9th day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA