**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

RODRICUS D. SCOTT, )
)
Plaintiff, )
)
v. ) CV622-006
)
SUPERIOR COURT OF )
BULLOCH COUNTY, *et al.*, )
)
Defendants. )

**ORDER**

*Pro se* plaintiff Rodricus D. Scott has filed this 42 U.S.C. § 1983 case alleging various constitutional violations in the investigation and prosecution of his ongoing criminal prosecution. *See, e.g.,* doc. 1 at 7-9, 11-12. He has also filed several "declarations" during the pendency of this case that seem to be attempts to amend his Complaint to add allegations and claims. *See* docs. 10, 13 & 15. The Court also required him to supplement his request to pursue this case *in forma pauperis*. Doc. 8 at 1-2. He complied with that direction, doc 11, and the Court granted his motion, doc. 12. The Court's Order granting his motion required that he return certain forms. *See* doc. 12 at 4-5. Scott has not returned both forms. *See* doc. 14; *see generally* docket.

Although Scott has not returned both the required forms, he has paid the filing fee. *See* docket entry dated March 10, 2022. The payment of that fee, when his motion to proceed *in forma pauperis* disclosed no income and only $120.00 available, leads the Court to question whether Scott's allegation of poverty was true. Since Scott has been permitted to proceed *in forma pauperis*, the applicable statutes require that the Court dismiss his case "at any time" if it determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Once a plaintiff is proceeding *in forma pauperis* and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 306 (7th Cir. 2002)).[1]

---

[1] Scott's payment of the filing fee after the Court questioned his indigency does not avoid dismissal. Although the Eleventh Circuit has not addressed the question, the United States Court of Appeals for the Fifth Circuit has recognized that, given the mandatory language of the statute, an opportunity to pay, after a determination that the allegation of poverty is untrue, is not required. *Castillo v. Blanco*, 330 F. App'x 463, 467 (5th Cir. 2009). The United States District Court for the Northern District of Georgia has followed the Fifth Circuit. *See Igbinadolor v. Gwinnett Cnty. Sch. Dist.*, 2009 WL 10666374, at *9 (N.D. Ga. 2009) (a plaintiff, whose allegation of poverty is determined to be untrue, "need not be given an opportunity to pay the filing fee as an alternative to dismissal."). Other courts have found that payment of the

Accordingly, Scott must respond and **SHOW CAUSE** why the Court should not dismiss this case because his allegation of poverty was untrue. In addition, Scott must submit the forms required by the Court's prior Order. *See* doc. 12 at 4-5. To the extent that he mistakenly believed that his March 10, 2022 payment excused his compliance with that direction, this Order clarifies that it does not. Scott is **DIRECTED** to complete and return both forms no later than fourteen days from the date of this Order. The Clerk of Court is **DIRECTED** to provide an additional copy of the Prisoner Trust Account Statement form with this Order for Scott's convenience. Scott is advised that failure to comply with this Order may result in dismissal of his case for failure to obey a court order. *See* Fed. R. Civ. P. 41(b).

Given that the "declarations" Scott has submitted appear to seek to add claims and allegations to his Complaint, he must also submit a

---

filing fee does not diminish the force of § 1915(e). *See Eckert v. Camp*, 166 F.3d 347 (10th Cir. 1998) (Table) ("At that time, even though the fee had been fully paid, pursuant to the terms of the statute, the standards of § 1915 continued to apply."); *Powell v. Hoover,* 956 F. Supp. 564, 567 (M.D. Pa. 1997) (finding that "the fact that the filing fee has been paid does not affect the authority of the court to dismiss the case, based on the introductory language of [§ 1915(e)(2)]."); *Cf. Ulysse v. Elgin Cmty. Coll.*, 2021 WL 4979433, at *2 (N.D. Ill. Mar. 22, 2021) (rejecting "claim that 'because he eventually paid the full filing fee . . . his failure to disclose . . . was much ado about nothing' . . . .").

formal amendment. To facilitate Scott's preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Scott is advised that his amended complaint will supersede the original complaint and therefore must be complete in itself. *See Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Upon satisfactory compliance with the directions of this Order, the Court will proceed to screen Scott's Amended Complaint. *See* 28 U.S.C. § 1915A(a).

Finally, Scott requests "a copy of the Complaint and Summons from the Clerk of Court . . . which was served upon each Defendant." Doc. 9. Since the Court has not screened Scott's Complaint, no defendant has been served. Moreover, Scott is not entitled to free copies of Court documents, even though he is proceeding *in forma pauperis*. *Jackson v. Florida Dept. of Fin. Servs.*, 479 F. App'x 289, 292-93 (11th Cir. 2012); *see also Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include a right of free

unlimited access to a photocopying machine . . . ." (citation omitted)). Scott's request is, therefore, **DENIED**. Doc. 9.

**SO ORDERED,** this 14th day of March, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA