# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | | |
|---|---|---|
| RODRICUS D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV622-006 |
| | ) | |
| SUPERIOR COURT OF | ) | |
| BULLOCH COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Rodricus D. Scott has filed this 42 U.S.C. § 1983 case alleging various constitutional violations. *See, e.g.,* doc. 1 at 7-9, 11-12. The Court previously directed him to explain why his payment of the filing fee in this case was not inconsistent with his allegation of poverty made in support of his request to pursue this case *in forma pauperis.* Doc. 16 at 2-3. He has responded, and explains that he arranged for a loan of the filing fee in order to avoid dismissal and he states that he has submitted the Prisoner Trust Account Statement form to the financial officer at Bulloch County Jail, but without response. *See* doc. 19. Based on that response, the Court is satisfied that dismissal of this case because his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or for

failing to obey a court order, *see* Fed. R. Civ. P. 41(b), is not warranted. Scott has also complied with the Court's direction to file an Amended Complaint. *See* doc. 20. The Court, therefore, proceeds to screen the Amended Complaint, pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). The factual allegations in Scott's Amended Complaint fall into two broad categories: allegations concerning his arrest and prosecution and allegations concerning inadequate medical care. *See generally* doc. 20. Each category of factual allegations broadly corresponds to a distinct set of legal claims. The Court will, therefore, consider the two categories in turn. Before considering the factual allegations, however, there are several defendants and claims that must be dismissed, regardless of the facts.

## I.     Improper Defendants

Scott names the Bulloch County Jail as a defendant on several claims.  *See* doc. 20 at 5, 6.  He also names the Statesboro Police Department and Bulloch County Sheriff's Office.  *Id.*  However, jails and police and sheriffs' departments are not proper parties because they are not legal entities capable of being sued.  *See, e.g., Jones v. Welcher*, 2021 WL 6536666, at *2 (S.D. Ga. Dec. 15, 2021) ("[C]ounty jails are not subject to liability under § 1983," and collecting cases); *Wooten v. Bohannon*, 2021 WL 5751440, at *2 (S.D. Ga. Nov. 10, 2021) (citing *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)) (recommending dismissal of claims against county sheriff's department because department was "not a 'person' subject to suit under § 1983."); *Harmon v. Williams,* 2021 WL 93226, at *3 (S.D. Ga. Jan. 6, 2021) ("[L]ocal police departments and penal institutions are generally not considered legal entities subject to suit," and collecting cases).  Accordingly, all claims against Bulloch County Jail, Bulloch County Sheriff's Department, and

the Statesboro Police Department for alleged violations of Scott's federal constitutional rights are **DISMISSED**.

Scott has also named the Bulloch County Superior Court, a judge of that court,[1] and a Bulloch County magistrate judge as defendants. First, like the jail and law enforcement agencies, the Bulloch County Superior Court is not subject to suit under § 1983. *See Scott v. Georgia Appling Cnty. Sup. Ct.*, 2018 WL 2138538, at *3 n. 5 (S.D. Ga. May 9, 2018); *Pullum v. Batchelor*, 2011 WL 7063406, at *3 (N.D. Ga. Nov. 16, 2011) (finding a Georgia "Superior Court is not a person subject to suit under § 1983."). Moreover, as an arm of the State, the Superior Court is immune from suit in this Court, under the Eleventh Amendment.[2] *See*

---

[1] Scott alleges that "[t]he Superior Court of Bulloch County arraigned [him] . . . without counsel . . . ." Doc. 20 at 5. He also alleges procedural defects in the process he was afforded. *Id.* He concludes by alleging that he "sent Superior Court Judge Michael T. Muldrew a Certified Pleading informing him of his Court[']s violations giving him 30 days to answer any Questions or Objections and release me from False Imprisonment from Bulloch County Jail/BCSO." *Id.* The Court is not entirely sure whether Scott intends to name Judge Muldrew as a defendant. *See id.* at 2-3 (listing defendants, not including Judge Muldrew). Regardless, as explained below, Judge Muldrew is immune. Thus, regardless of whether he is dismissed based on his immunity or not a defendant in the first place, he is not a proper defendant in this case.

[2] The Court notes that Scott has submitted a "declaration" that states that "although State Governments have immunity from being sued in Federal Court by the State's own citizens, unlike Privilege, Immunity does not "Negate" this Tort action." Doc. 17 at 1. The Court is uncertain what distinction Scott asserts between a "privilege" and

*Stegman v. Georgia*, 290 F. App'x 320, 322-23 (11th Cir. 2008) (citing *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993)).  The judges are immune from suit for actions taken in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996).  This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction, *see Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986), and extends to all claims, whether for damages or for injunctive relief, *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000).  *See also Harvin v. Aten*, 2018 WL 10509901, at *2 (N.D. Ga. Oct. 30, 2018) (citing, *inter alia.*, *DeWayne v. State of Georgia, Inc.*, 2013 WL 12310839, at *5 (N.D. Ga. Dec. 10, 2013)) (dismissing claims against a Georgia magistrate judge based on judicial immunity).  Accordingly, all of Scott's claims against Bulloch County Superior Court and both judicial defendants are **DISMISSED**.

---

"immunity," but, to the extent that he contends Eleventh Amendment immunity does not preclude his claims against state agencies, he is mistaken.

## II.    Improper Claims

Scott identifies a Georgia statute as the basis of claims for "False Imprisonment under Color of Legal Process," against several defendants. *See, e.g.,* doc. 20 at 3-4 (citing O.C.G.A. § 16-5-42).  The statute in question is a criminal statute.  As the United States District Court for the Middle District of Georgia has succinctly stated, a plaintiff "cannot bring a civil action for a violation of a Georgia criminal law." *Barber v. Krepp*, 2018 WL 9491218, at *3 (M.D. Ga. Apr. 30, 2018) (citing *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1381 (M.D. Ga. 2011)).  Despite Scott's identification of an improper legal theory, the Court has analyzed his false arrest/malicious prosecution claims, construed under § 1983, below.  Accordingly, any claim asserted pursuant to O.C.G.A. § 16-5-42 is **DISMISSED**.

Scott also alleges claims based on alleged violations of various provisions of the Georgia Constitution. *See* doc. 20 at 3-6.  However, this Court "has found no authority allowing a plaintiff to bring a private cause of action under the Georgia Constitution.  Rather, the authority indicates there is no such right." *Hammond v. Dozier*, 2020 WL 8093576, at *3 (S.D. Ga. Nov. 24, 2020) (collecting cases); *see also, e.g., Davis v.*

*Standifer*, 621 S.E.2d 852, 855 (Ga. Ct. App. 2005) ("Even where the plaintiff alleges a state constitutional violation, if the underlying conduct complaint of is tortious and occurred within the scope of the state employee's official duties, the employee is protected by official immunity under the [Georgia Tort Claims Act]."). Accordingly, to the extent plaintiff asserts any claims based on alleged violations of the Georgia Constitution, those claims are **DISMSSED**.

### III.   Criminal Process Claims

Scott alleges that he was arrested on an "[i]llegally manifested warrant, mandate, and process that shows malice and oppression . . . ." Doc. 20 at 4. He alleges that he was not timely brought before a judicial officer. *Id.* Although he alleges that he is a pretrial detainee, *id.* at 8, he nevertheless alleges that his right to "confront [his] accusers," has been violated, *id.* at 4. He somewhat inconsistently claims both that he has been imprisoned "under color of legal process," and that his jailers "hav[e] no [l]egal [a]uthority [m]andate and/or [f]orm of [c]ommitment making [his] [i]mprisonment 'NOT' [sic] [l]egal." *Id.* at 5. Again, somewhat confusingly, he alleges that he was not timely arraigned and that his arraignment was procedurally defective. *Id.* None of the alleged defects

in Scott's state criminal proceedings state a claim upon which relief can be granted.

Both "false arrest" and "malicious prosecution" are recognized claims, under § 1983, for distinct violations of the Fourth Amendment. *See, e.g., Williams v. Aguirre*, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020). A § 1983 claim for false imprisonment is "based on a detention pursuant to that arrest [that lacked probable cause]." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996); *see also Wallace*, 549 U.S. at 389 ("[F]alse imprisonment consists of detention without legal process."). Further, "false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* As "a § 1983 plaintiff may not bring a false arrest claim when his arrest was made pursuant to a court order," and Scott alleges that he was arrested

pursuant to a warrant, albeit an allegedly invalid one, to the extent he asserts a false arrest claim, it is **DISMISSED**. *Wynn v. City of Griffin, Ga.*, 2021 WL 4848075, at *3 n. 11 (11th Cir. Oct. 18, 2021).

In the Eleventh Circuit, unlawful seizures following an arraignment, indictment, or probable-cause hearing fall under the category of malicious prosecution. *Williams*, 965 F.3d at 1158 . In order to establish a federal malicious prosecution claim under § 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted). A claim of malicious prosecution only accrues after there is a favorable termination of the criminal proceeding. *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994), Here, Scott's allegations of ongoing prosecution are inconsistent with a favorable termination of his criminal case. To the extent that Scott asserts a malicious prosecution claim, therefore, it is **DISMISSED**.

Moreover, to the extent that Scott asks this Court to weigh in on the propriety of state proceedings against him, any ruling could substantially interfere with the results reached in the state court

proceeding.  *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate).  Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury.

Plaintiff, obviously, remains free to allege the same constitutional violations alleged here in his state criminal proceedings.  He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury.  *Younger*. 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").  Thus, his contentions of procedural impropriety are arguments for the state court.  *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel

state-court proceedings.").[3]  Given that Scott may not challenge the constitutionality of his state prosecution while it is pending, pursuant to *Younger*, and cannot challenge the fact of his detention in a § 1983 case, any claims concerning the adequacy of those proceedings are **DISMISSED**.

## IV.  Medical Care Claims

Scott also alleges that he received inadequate medical care while in custody.  He alleges that "[o]n June 17, 2020, [he] was shot multiple times and taken to East Georgia Regional Medical Center in Statesboro Ga. by Statesboro Police Department . . . ."  Doc. 20 at 6.  Despite alleging he was taken to a hospital, he alleges that unidentified Statesboro Police Department officers "did not allow [him] to get full and proper medical

---

[3] Scott expressly requests that the Court "order [him] to be released from False Imprisonment."  Doc. 20 at 10.  To the extent that his allegations implicate the validity of his continued detention and he seeks immediate or speedier release, § 1983 affords Scott no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").  And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief.  *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

attention." *Id.* He alleges that he was "taken to jail with untreated gunshot wounds," and held in a cell "for hours," while bleeding. *Id.* He then alleges that a "Nurse Lynn," who is not listed as a defendant, *compare id.* at 2-3, *with* 6, refused to send him to a hospital, despite a doctor's direction, to treat an infection of the gunshot wounds. *Id.* at 6.

Liberally construed, plaintiff brings a claim of denial of medical care. However, as pled, his claims are deficient. To offend the Eighth Amendment,[4] a government official must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of

---

[4] As a pretrial detainee, Scott's claim is technically governed by the Fourteenth Amendment, not the Eighth. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* (citation omitted); *see also Thomas v. Bradshaw*, 2022 WL 333244, at *4 (11th Cir. Feb. 4, 2022) (same).

what that person knows." *Burnette v. Taylor*, 33 F.3d 1325, 1331 (11th

Cir. 2008).  To allege deliberate indifference, a plaintiff must show "(1)

subjective knowledge of a risk of serious harm; (2) disregard of that risk;

(3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*,

62 F.3d 557, 564 (11th Cir. 2010).

There is no question that a gunshot wound is an objectively serious

medical need.  *See, e.g., Valderrama v. Rousseau*, 780 F.3d 1108, 1116

(11th Cir. 2015); *Hunter v. Harris*, 2018 WL 9616895, at *4 (N.D. Ga. Jul.

1, 2018).  Similarly, Scott's allegation that Nurse Lynn refused to provide

treatment for his infection, even though treatment was prescribed by a

doctor, alleges a sufficiently serious medical need.  *See, e.g., Bingham v.

Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (citing *Young v. City of

Augusta, Ga.*, 59 F.3d 1160, 1169 n. 17 (11th Cir. 1995) ("An Eighth

Amendment violation may also occur when state officials knowingly

interfere with a physician's prescribed course of treatment.").  Even in

the absence of a physician's diagnosis, depending on the symptoms, an

infected wound is an objectively serious medical need.  *See, e.g., Davison

v. Nicolou*, 2016 WL 6404034, at *4 (S.D. Ga. Oct. 27, 2016) ("[T]he

seriousness of the symptoms resulting from [plaintiff's] bacterial

infection, the vast majority of which physically manifested themselves to the naked and untrained eye, are so obvious that even a lay person would easily recognize the necessity for medical attention." (citations omitted)). Scott has, therefore, adequately pleaded that he suffered from serious medical needs.

Scott has also alleged that, at least, Nurse Lynn was subjectively aware of his infection and refused to provide physician-prescribed treatment. *See* doc. 20 at 6. However, he has not identified Nurse Lynn as a defendant. *See id.* at 2-3. Since he is proceeding *pro se*, he is entitled to an opportunity to amend the operative complaint in order to add her as a defendant.[5] *See Rizk v. Seminole Cnty. Sheriffs Dept.*, 857 F. App'x 619, 620 (11th Cir. 2021) (approving affording *pro se* plaintiffs an opportunity to amend a complaint which "state[s] a claim against individuals or entities who are identified in the body . . . and whose wrongful conduct is alleged there, even if they are not named in the

_____

[5] The Court notes that "Nurse Lynn" was identified in Scott's original Complaint as a defendant. *See* doc. 1 at 5. The Court, however, explicitly advised Scott that the Amended Complaint would supersede the original pleading. *See* doc. 16 at 4. "Despite [the] leniency toward *pro se* litigants . . . courts may not step into the role of *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action." *Giddens v. Brooks Cnty., Ga.*, 2022 WL 836273, at *3 (11th Cir. Mar. 21, 2022) (internal quotation marks and citation omitted).

caption."). Moreover, the allegation that "Statesboro Police" prevented "full and proper medical attention" for Scott's gunshot wounds does not sufficiently allege the subjective component of a deliberate indifference claim. However, "where a more carefully drafted complaint might state a claim, the district court should grant plaintiff at least one chance to amend [his] complaint . . . ." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016) (internal quotation marks and citation omitted).

## V.    Conclusion

In summary, Scott's § 1983 claims against the Bulloch County Sheriff's Department, Bulloch County Jail, the Statesboro Police Department, and Bulloch County Superior Court are **DISMISSED**, as are any claims against those entities under O.C.G.A. § 16-5-42 and the Georgia Constitution. All of Scott's claims against Judge Michael T. Muldrew and Magistrate Judge June Braswell are **DISMISSED**.[6] To the extent that he asserts claims against any other defendant for violations

---

[6] Scott has also submitted requests for production of documents, pursuant to Federal Rule of Civil Procedure 34, directed to the Superior Court of Bulloch County. *See* doc. 21. Since all claims against the Superior Court are dismissed, that request is moot. Even if it were not, this Court's Local Rules prohibit the filing of discovery materials. *See* S.D. Ga. L. Civ. R. 26.4.

of the Georgia Constitution or O.C.G.A. § 16-5-42, those claims are **DISMISSED**. To the extent that Scott asserts a claim, pursuant to 42 U.S.C. § 1983, for either false arrest or malicious prosecution, those claims are **DISMISSED**. To the extent that he alleges constitutional defects in the criminal procedures applied to his case, the Court must abstain from considering them and they are **DISMISSED**. Finally, he is entitled, subject to the instructions below, to amend his claims concerning alleged deliberate indifference to his serious medical needs.

Scott must submit a Second Amended Complaint supplementing his allegations of deliberate indifference to his serious medical needs. Within twenty-one days of the date of this Order, Scott is **DIRECTED** to submit a Second Amended Complaint. To facilitate his preparation of the Second Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Scott is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Scott is further

advised that failure to timely submit her amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this <u>29th</u> day of March, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

17