UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RODRICUS D. SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) CV622-006 |
| SUPERIOR COURT OF BULLOCH COUNTY, *et al.*, | ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff Rodricus D. Scott has filed this 42 U.S.C. § 1983 case alleging various constitutional violations. *See, e.g.,* doc. 1 at 7-9, 11-12. The Court previously screened his Complaint, dismissed certain claims and defendants, and directed him to file an Amended Complaint. *See generally* doc. 23. Scott has filed a Motion for Reconsideration of that Order. Doc. 24. However, as that Motion identifies no error in the Court's prior analysis or any other basis to reconsider that Order, it is **DENIED**. Doc. 24.

The decision to grant a motion for reconsideration is at the discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 806 (11th Cir. 1993). They are to be filed "only

when 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Murray v. ILG Techs., LLC*, 2019 WL 498849, at *1 (S.D. Ga. Feb. 8, 2019) (citing *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)).  Such motions are "not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time."  *Id.* (citing *Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996)).

Scott's Motion presents no argument meriting reconsideration of any portion of the Court's prior Order.  He restates his contentions that the procedure in his state court criminal case was defective in various ways.  *See* doc. 24 at 1-2.  He again refers to violations of the Georgia Constitution, *see id.* at 1 (alleging violation of his "rights under the Georgia Constitution Bill of Rights Article 1, Section 1, Paragraph 1."), but he does not suggest, much less cite authority, contradicting the Court's conclusion that there is no private cause of action under the

Georgia Constitution, *see* doc. 23 at 6-7.  Moreover, he does not address the Court's conclusion that, even assuming he adequately alleged a constitutional violation, this Court could not interfere in an ongoing state criminal proceeding.  *See* doc. 23 at 9-10 (citing, *inter alia.*, *Younger v. Harris*, 401 U.S. 37, 53 (1971)); *see also generally* doc. 24.  As the Court stated in its prior Order: Scott's "contentions of procedural impropriety [in his ongoing state prosecution] are arguments for the state court." Doc. 23 at 10.

He also suggests, in a substantially conclusory fashion, that the Court "overlooked" claims against a Bulloch County Superior Court Judge, a Bulloch County Magistrate Judge, "Jared Akins of Statesboro Police Department[, and] Sheriff Noel Brown of Bulloch County Jail, and Richard A. Mallard of the District Attorney Office [sic.] of the Ogeechee Judicial Circuit."  Doc. 24 at 2.  First, the Court expressly addressed the claims against the two judicial defendants and determined that they are entitled to absolute judicial immunity. *See* doc. 23 at 4-5.  Scott's Motion does not provide any basis to reconsider that dismissal.  *See generally* doc. 24.  Second, Mallard's name does not appear in Scott's Amended

Complaint.[1]  *See generally* doc. 20.  Since Mallard was never a named defendant, the Court's prior Order did not dismiss any claims against him.  There is, thus, no basis to "reconsider" such a dismissal.  Finally, the Court did not specifically address defendants Akins or Brown.  *See generally* doc. 23.  However, to the extent that he asserted claims against those defendants on theories the Court rejected as viable against any defendant, *see id.* at 6-11, he offers no reason to reconsider those dismissals, *see generally* doc. 24.  To the extent that he asserts that those defendants were deliberately indifferent to his serious medical needs, he is free to clarify that assertion in his Second Amended Complaint.  *See, e.g.,* doc. 23 at 16.  Thus, Scott's reference to "Individual Additional person(s)" does not provide any basis to reconsider the Court's prior Order.

---

[1] The Amended Complaint is currently the operative pleading in this case. *See, e.g.,* doc. 16 at 4 (citing, *inter alia.*, *Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999)) (advising Scott that "his amended complaint will supersede the original complaint . . ."). However, Mallard's name does not even appear in the original, now superseded Complaint. *See generally* doc. 1. Nor does his name appear in any of the "declarations" the Court construed as attempts to amend, prior to directing Scott to file his Amended Complaint. *See* doc. 16 at 1 (citing docs. 10, 13 & 15).

Finally, Scott states that he objects to the undersigned's "findings . . . about [his] poverty being untrue." Doc. 24 at 3. However, the Order expressly found Scott's response to the Court's prior inquiry concerning his finances satisfactory. *See* doc. 23 at 1. He reiterates the explanation he provided concerning "a loan to pay the filing fee in order to avoid dismissal . . . ." Doc. 24 at 3. Since the Court has already accepted that explanation, and determined that dismissal on the basis of Scott's finances was "not warranted," doc. 23 at 2, it is not clear what disposition Scott wants to Court to reconsider. Since he has not shown a "clear error of law or fact," his "objection" provides no basis for reconsideration.

Since Scott's Motion for Reconsideration does not identify any newly discovered evidence, any intervening development or change in controlling law, or need to correct a clear error of law or fact, *see Murray*, 2019 WL 498849, at *1, his Motion for Reconsideration is **DENIED**. Doc. 24. Scott alleges that he did not receive the Court's prior Order until April 8, 2022. *See id.* at 3. To ensure that Scott has a full opportunity to comply with the Order's direction to file a Second Amended Complaint within twenty-one days, the Court will extend the deadline for him to submit it. *See* Fed. R. Civ. P. 6(b)(1)(A). Scott is **DIRECTED** to submit

5

his Second Amended Complaint no later than April 29, 2022. As the prior Order advised, failure to timely submit an amended complaint may result in dismissal of this case for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this <u>19th</u> day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA