# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |  |
|---|---|---|
| RODRICUS D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV622-006 |
| | ) | |
| SUPERIOR COURT OF | ) | |
| BULLOCH COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously dismissed several of *pro se* plaintiff Rodricus D. Scott's claims. *See generally* doc. 23. In that same Order, the Court identified allegations implicating a potential claim that a jail employee, who was not named as a defendant, was deliberately indifferent to his serious medical needs and directed him to file an Amended Complaint supplementing those allegations. *See* doc. 23 at 11-15. He did not timely comply; however, the Court gave him an opportunity to respond and show cause why his case should not be dismissed for failure to prosecute or obey a court order. Doc. 23 at 2. He was also instructed to submit the required amended pleading. *Id.* His deadline for doing so was June 3,

2022. *Id.* That deadline has now passed, and he has still not complied with the Court's directions. *See generally* docket.

Scott did file a "Declaration" that recounts his frustrations with his ongoing state court prosecution. *See generally* doc. 28. That submission does not respond to the show cause order or contain any allegations bolstering his denial-of-medical-care claim. *Id.* Instead, it contains allegations similar to those the Court has already dismissed. *Compare* doc. 28 (discussing, among other things, a hearing in the Superior Court of Bulloch County on March 30, 2022) *with* doc. 23 at 6-11 (dismissing improper claims related to his state court prosecution); *see also* doc. 23 at 11 ("Given that Scott may not challenge the constitutionality of his state prosecution while it is pending, pursuant to *Younger* [*v. Harris*, 401 U.S. 37 (1971)], and cannot challenge the fact of his detention in a § 1983 case, any claims concerning the adequacy of those proceedings are DISMISSED.").

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution);

*Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Scott, despite several opportunities, has not filed the directed Amended Complaint. Accordingly, Plaintiff's Complaint is **DISMISSED** for his failure to comply with the Court's Order and his failure to prosecute this action. The Clerk of Court is **DIRECTED** to close this case.

    **SO ORDERED,** this 1st day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA